UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| BROADCAST MUSIC, INC., *et al*, § § Plaintiffs, § VS. § JT SPORTS, INC. A/K/A JT SPORTS § BAR, INC. D/B/A DA STADIUM § SPORTS BAR, *et al*, § § Defendants. § | CIVIL ACTION NO. 3:16-CV-49 |

### MEMORANDUM OPINION AND ORDER

The plaintiffs in this copyright infringement case have filed a motion for summary judgment to which the defendants have not responded. The plaintiffs seek injunctive relief; statutory penalties for the infringement; and costs and attorney's fees. After reviewing all of the evidence submitted, the briefing, and the applicable law, the Court concludes that the plaintiffs' motion for summary judgment must be **GRANTED**.

**I.    BACKGROUND**

Plaintiff Broadcast Music, Inc. ("BMI") is a "performing rights society" that "licenses the public performance of nondramatic musical works on behalf of copyright owners of such works[.]" 17 U.S.C. § 101. The other plaintiffs are copyright owners on whose behalf BMI enters into licensing agreements with "music users" such as broadcasters and the owners and operators of concert halls, restaurants, nightclubs, and hotels. Under those agreements, BMI collects licensing fees from the "music users" who publicly perform the copyright owners' works and distributes those fees as royalties to

the copyright owners. The defendants—JT Sports, Inc., a/k/a JT Sports Bar, Inc., ("JT Sports") and Jimmy Summerlin ("Summerlin")—are a corporate entity and its president, and they own and operate a sports bar in Pasadena, Texas called Da Stadium Sports Bar ("Da Stadium").

BMI[1] alleges that, for years, JT Sports has been publicly performing BMI's copyrighted songs by playing those songs at Da Stadium, even though JT Sports has never had a licensing agreement with BMI. Between September 28, 2012 and April 15, 2015, BMI executives sent 25 letters to JT Sports; this correspondence, which appears to have been entirely one-sided, included several cease-and-desist notices and culminated in a notification that BMI's executives had referred the matter to its legal department. BMI's evidence also shows that its executives contacted JT Sports by telephone "on sixty-four (64) occasions and on a number of those occasions spoke to persons associated with [Da Stadium's] operation."

The specific acts of copyright infringement from which this case stems were committed by "DJ Laura," a deejay and karaoke emcee at Da Stadium. BMI's summary judgment evidence shows that, after years of attempted correspondence with JT Sports went nowhere, BMI sent an investigator to Da Stadium to document any public performances of its songs. The investigator visited Da Stadium on April 1, 2015 and stayed until just after 2:00 a.m. (presumably closing time) on April 2. While at Da

---

[1] For the sake of clarity, unless the opinion states otherwise, in the body of this opinion a reference to "BMI" is a reference to the plaintiffs collectively, and a reference to "JT Sports" is a reference to the defendants collectively.

Stadium, the investigator made an audio recording of all of the songs played by DJ Laura; ten of those songs were BMI's.

BMI filed this lawsuit, to which JT Sports filed an answer—JT Sports's only filing in the case—that is handwritten and was signed by Summerlin. In the answer, Summerlin admits that he did not obtain a license from BMI but claims that he was unaware of the need for one. BMI served written discovery requests, including requests for admissions, on JT Sports. JT Sports never responded, so the matters addressed within the requests for admissions are deemed admitted. *See* FED. R. CIV. P. 36(a)(3). BMI then filed this motion for summary judgment, to which JT Sports has not responded. BMI seeks $40,000.00 in statutory penalties ($4,000.00 per act of infringement); $10,100.00 in attorney's fees; $781.95 in costs; and an order permanently enjoining JT Sports from further acts of infringement on BMI's copyrights.

## II. SUMMARY JUDGMENTS

Federal Rule of Civil Procedure 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In deciding whether a genuine and material fact issue has been created, the facts and inferences to be drawn from those facts must be reviewed in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). However, factual controversies are resolved in favor of the non-movant "only when both parties have submitted evidence of contradictory facts[,]" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (citation and

quotation marks omitted), and here JT Sports has not only failed to submit evidence of contradictory facts but has, through its failure to respond to BMI's requests for admissions, actually stipulated to many of the facts on which BMI relies. Although summary judgment may not be awarded by default simply because there is no opposition, *Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985), "a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d 435, 435 (5th Cir. 2014) (citation omitted); *see also Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

### III. COPYRIGHT INFRINGEMENT

BMI seeks relief for what it claims were ten acts of copyright infringement by JT Sports. A claim of copyright infringement has five essential elements:

(1) the originality and authorship of the compositions involved;

(2) compliance with all formalities required to secure a copyright under Title 17, United States Code;

(3) that plaintiffs are the proprietors of the compositions involved in this action;

(4) that the compositions were performed publicly for profit at the location alleged; and

(5) that the defendants had not received permission from any of the plaintiffs or their representatives for such performance.

*Broadcast Music, Inc. v. Pine Belt Investment Developers, Inc.*, 657 F. Supp. 1016, 1020 (S.D. Miss. 1987); *see also Broadcast Music, Inc. v. Allen-Genoa Road Drive-In, Inc.*, 598 F. Supp. 415, 416–17 (S.D. Tex. 1983).

The first three elements—originality and authorship of the compositions involved, compliance with formalities required to secure a copyright, and ownership of the

copyrights—are established in the unsworn declaration of John Ellwood, an in-house attorney for BMI. In his declaration, Ellwood incorporates the Schedule attached to BMI's Complaint, which contains the name of each musical composition, as well as its respective writer, publisher, date of registration, registration number, and the specific date and place of infringement. These facts are bolstered by documentation showing ownership and registration of the songs that were improperly publicly performed. Moreover, JT Sports stipulated to facts establishing these three elements when it failed to respond to BMI's requests for admissions. *See Pine Belt*, 657 F. Supp. at 1020.

The fourth element—that the musical compositions were performed publicly at the location alleged, Da Stadium—is established in the unsworn declarations of Brian Mullaney, Vice President of Sales and Licensing for BMI; Robert Allman, the investigator who documented the infringement on April 1 and April 2 of 2015; Rebecca Delius, who works in BMI's Performance Identification Department and who listened to Allman's recording and verified his findings;[2] and Michelle Baker, a Business Operations Manager at BMI whose declaration authenticates and establishes the chain of custody for Allman's recording. Moreover, JT Sports stipulated to facts establishing this element when it failed to respond to BMI's requests for admissions. *See id*.

The fifth element—that the defendants had not received permission from any of the plaintiffs or their representatives to publicly perform the musical compositions at Da Stadium—is established by Mullaney's declaration, in which Mullaney testifies that,

---

[2] Allman identified nine acts of infringement. In the process of verifying Allman's findings, Delius identified a tenth.

when Allman recorded the songs played by DJ Laura at Da Stadium, JT Sports had not entered into a licensing agreement with BMI. Mullaney's declaration also outlines the many occasions on which BMI contacted JT Sports by letter and by telephone in a vain attempt to get JT Sports to stop staging unlicensed performances of BMI's songs. Moreover, JT Sports stipulated to facts establishing this element when it failed to respond to BMI's requests for admissions. *See id*. at 1020–21. The undisputed facts also establish that JT Sports's acts of infringement were committed willfully. *Broadcast Music, Inc. v. Niro's Palace, Inc.*, 619 F. Supp. 958, 963 (N.D. Ill. 1985).

There is no genuine issue of material fact. The Court will grant BMI's motion for summary judgment.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

The plaintiffs' motion for summary judgment (Dkt. 17) is **GRANTED**. The following judgments are entered:

(1) The plaintiffs are awarded statutory damages under 17 U.S.C. § 504(c) in the amount of $4,000.00 per act of infringement, for a total of $40,000.00. These damages are awarded jointly and severally against the defendants. *Boz Scaggs Music v. KND Corp.*, 491 F. Supp. 908, 913–14, 915–16 (D. Conn. 1980). Interest shall accrue thereon at the legal rate from the date on which the judgment is entered until the date on which the judgment is paid.

(2) The plaintiffs are awarded their full costs and attorney's fees under 17 U.S.C. § 505 in the amounts of $781.95 for costs and $10,100.00 for fees, for a total of $10,881.95. This award is also joint and several against the defendants. *Id*. Interest shall accrue thereon at the legal rate from the date on which the judgment is entered until the date on which the judgment is paid.

(3) The defendants and all persons acting under their direction, control, permission, or authority are permanently enjoined under 17 U.S.C. § 502(a) from further infringements of the plaintiffs' copyrights.

A separate final judgment will be entered simultaneously with this opinion.

SIGNED at Galveston, Texas, this 23rd day of March, 2018.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge